1  GEORGE M. BORKOWSKI (SBN 133416)
   KARIN G. PAGNANELLI (SBN 174763)
2  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
3  Los Angeles, California 90064-1683
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  Attorneys for Defendants
   EMI Group, PLC, EMI Group North America, Inc.,
6  EMI Group North America Holdings Inc., and
   EMI Music North America, LLC

7

8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11 MP3TUNES, LLC,                          CASE NO.  07 CV 1844 WQH (NLS)

12            Plaintiff,                    Judicial Officer: Hon. William Q. Hayes
                                            Courtroom:    4
13         v.                               Date:         December 17
                                            Time:         11:00 a.m.
14 EMI GROUP, PLC, EMI GROUP NORTH
15 AMERICA, INC., EMI GROUP NORTH           MEMORANDUM OF POINTS AND
   AMERICA HOLDINGS INC., and EMI           AUTHORITIES IN SUPPORT OF
16 MUSIC NORTH AMERICA, LLC,                DEFENDANTS' MOTION TO DISMISS

17            Defendants.                   NO ORAL ARGUMENT UNLESS
                                            REQUESTED BY THE COURT

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

1652693.1

CASE NO.  07 CV 1844 WQH (NLS)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

## <u>TABLE OF CONTENTS</u>

**Page(s)**

INTRODUCTION.................................................................................................................. 1

BACKGROUND................................................................................................................... 2

ARGUMENT ....................................................................................................................... 5

I.      THIS ACTION SHOULD BE DISMISSED IN FAVOR OF THE SDNY
        ACTION........................................................................................................................ 5

        A.      MP3tunes' Suit Was an Anticipatory, Forum-Shopping Suit
                Improperly Filed To Preempt Imminent Litigation by EMI Music. ...................... 5

        B.      MP3tunes' Declaratory Judgment Suit Is Wholly Encompassed by
                the New York Action and Should Be Dismissed under Rule 12(f). ...................... 8

        C.      At a Minimum, this Case Should Be Transferred to New York
                Pursuant to 28 U.S.C. § 1404(a).................................................................. 11

II.     MP3tunes' DMCA Claim Fails as a Matter of Law........................................................ 12

CONCLUSION ................................................................................................................... 13

Mitchell
Silberberg &
Knupp LLP

1652693.1

i            CASE NO.  07 CV 1844 WQH (NLS)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

# TABLE OF AUTHORITIES

Page(s)

## CASES

*A.J. Indus. v. U.S. Dist. Ct. for the C.D. Cal.*,
   503 F.2d 384 (9th Cir. 1974) ................................................................... 11

*Acco Brands, Inc. v. Avery Dennison Corp.*,
   No. 99-1877, 2000 WL 986995 (C.D. Cal. Feb. 22, 2000) ................................ 9

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
   946 F.2d 622 (9th Cir. 1991) ..................................................................... 6

*Alton Box Bd. Co. v. Espirit de Corp.*,
   682 F.2d 1267 (9th Cir. 1982) ................................................................... 5

*Amazon.com v. Cendant Corp.*,
   404 F. Supp. 2d 1256 (W.D. Wash. 2005) ................................................... 11

*American Auto. Ins. Co. v. Freundt*,
   103 F.2d 613 (7th Cir. 1939) ..................................................................... 5

*AmSouth Bank v. Dale*,
   386 F.3d 763 (6th Cir. 2004) ................................................................ 8, 10

*AMX Corp. v. Pilote Films*,
   No. 04-2035, 2007 WL 1695120 (N.D. Tex. June 5, 2007) ................................ 9

*Arista Records, Inc. v. MP3Board, Inc.*,
   No. 00-4660, 2002 WL 1997918 (S.D.N.Y. Aug. 29, 200) ............................... 12

*Brighton Collectibles, Inc. v. Coldwater Creek, Inc.*,
   No. 06-cv-1848, 2006 WL 4117032 (S.D. Cal. Sept. 12, 2006) ...................... 6, 7

*Coalition for a Healthy California v. F.C.C.*,
   87 F.3d 383 (9th Cir. 1996) ..................................................................... 10

*Coldwater Creek, Inc. v. Brighton Collectibles, Inc.*,
   No. 06-355, 2007 WL 2187104 (D. Idaho July 27, 2007) .................................. 8

*Columbia Pictures Indus., Inc. v. Schneider*,
   435 F. Supp. 742 (S.D.N.Y. 1977) .............................................................. 8

*Cont'l Grain Co. v. The FBL-585*,
   364 U.S. 19 (1960) ................................................................................ 11

*DeFazio v. Hollister Employee Share Ownership Trust*,
   406 F. Supp. 2d 1085 (E.D. Cal. 2005) ....................................................... 13

Mitchell
Silberberg &
Knupp LLP

1652693.1

ii       CASE NO.  07 CV 1844 WQH (NLS)

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*DeFeo v. Procter & Gamble Co.*,
   831 F. Supp. 776 (N.D. Cal. 1993) ................................................................. 7

*Durham Prods., Inc. v. Sterling Film Portfolio, Ltd., Series A*,
   537 F. Supp. 1241 (S.D.N.Y. 1982) .............................................................. 11

*EMC Corp. v. Norand Corp.*,
   89 F.3d 807 (Fed. Cir. 1996) ......................................................................... 7

*Gribin v. Hammer Galleries, a Div. of Hammer Holding, Inc.*,
   793 F. Supp. 233 (C.D. Cal. 1992) ........................................................... 6, 10

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,
   896 F.2d 1542 (9th Cir. 1990) ....................................................................... 5

*Jolly v. Purdue Pharma L.P.*,
   No. 05-1452, 2005 WL 2439197 (S.D. Cal. Sept. 28, 2005) ................... 11, 13

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) ....................................................................... 12

*Mediostream, Inc. v. Priddis Music Inc.*,
   No. 07-2127, 2007 WL 2790688 (N.D. Cal. Sept. 24, 2007) ...................... 6, 8

*Mission Ins. Co. v. Puritan Fashions Corp.*,
   706 F.2d 599 (5th Cir. 1983) ......................................................................... 6

*Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*,
   No. 05-6656, 2006 WL 3782916 (N.D. Ill. 2006) ......................................... 9

*Posven, C.A. v. Liberty Mut. Ins. Co.*,
   303 F. Supp. 2d 391 (S.D.N.Y. 2004) .......................................................... 11

*Republic of Bolivia v. Philip Morris Cos.*,
   39 F. Supp. 2d 1008 (S.D. Tex. 1999) .......................................................... 11

*Rossi v. MPAA*,
   391 F.3d 1000 (9th Cir. 2004) ..................................................................... 12

*Schmitt v. JD Edwards World Solutions Co.*,
   No. 01-1009, 2001 WL 590039 (N.D. Cal. 2001) ........................................ 10

*Stone v. City & County of San Francisco*,
   968 F.2d 850 (9th Cir. 1992) .................................................................... 1, 7

Mitchell
Silberberg &
Knupp LLP

1652693.1

iii        CASE NO.  07 CV 1844 WQH (NLS)

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Tempco Elec. Heater Corp. v. Omega Engineering, Inc.*,
   819 F.2d 746 (7th Cir. 1987) ................................................................. 10

*Wilton v. Seven Falls Co.*,
   515 U.S. 277 (1995) ................................................................. 6, 8, 9

*Z-Line Designs, Inc. v. Bell'O Int'l LLC*,
   218 F.R.D. 663 (N.D. Cal. 2003) ................................................................. 6, 8

### STATUTES

17 U.S.C. § 512(a)-(d) and (k) ................................................................. 10

17 U.S.C. § 512(f) ................................................................. 5, 12, 13

28 U.S.C. § 1391(b)-(c) ................................................................. 11

28 U.S.C. § 1404(a) ................................................................. 11, 13

28 U.S.C. § 2201 ................................................................. 6

### OTHER AUTHORITIES

Federal Rule Civil Procedure 12(b)(6) ................................................................. 5

Federal Rule Civil Procedure 12(f) ................................................................. 5, 8

Mitchell
Silberberg &
Knupp LLP

1652693.1

iv          CASE NO.  07 CV 1844 WQH (NLS)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

# INTRODUCTION

Cognizant of the "strong policy encouraging settlement of cases," *Stone v. City & County of San Francisco*, 968 F.2d 850, 861 n.20 (9th Cir. 1992), before commencing an action against MP3tunes, LLC for infringement of copyrights owned by its labels, EMI Music North America (herein "EMI Music") contacted MP3tunes in an attempt to resolve the dispute.  In the initial exchange of letters, EMI Music indicated its willingness to discuss settlement but made clear that it would enforce its copyrights through litigation if necessary.  In response – and in the midst of active discussions between the parties and their counsel – MP3tunes filed the present lawsuit seeking a declaration that it is not responsible for infringement of the EMI Music labels' copyrighted sound recordings.

This action is a textbook example of impermissible forum shopping by MP3tunes.  MP3tunes seeks to take tactical advantage of the fact that EMI Music made a pre-litigation settlement overture.  That is not a proper use of the Declaratory Judgment Act.  This is unequivocally ***not*** a case in which EMI Music had made threats of litigation, but then failed to follow through, leaving MP3tunes in limbo and in need of declaratory relief.  To the contrary, MP3tunes rushed to file this action in direct response to an EMI Music letter stating that litigation was imminent, and specifically to preempt the EMI Music labels' anticipated filing in the Southern District of New York.  MP3tunes has thus inverted the ordinary course of litigation – in which the alleged infringer is the defendant in a suit brought by the content owner – and contravened the Declaratory Judgment Act, which is not to be used as a tactical litigation tool.  MP3tunes' actions undermine the strong federal policy encouraging pre-litigation discussions.

This action should be dismissed in favor of the copyright infringement action brought by numerous EMI Music and EMI Entertainment World, Inc. ("EMI Publishing") entities against MP3tunes and currently pending in the United States District Court for the Southern District of New York (the "SDNY Action").  Federal law is clear that parties are not permitted to use the offer of settlement discussions to file anticipatory suits for purposes of forum shopping, as MP3tunes has clearly done.  Moreover, the SDNY Action is more encompassing than this action.  It involves additional plaintiffs, who own distinct sets of copyrights, and additional causes of

1    action, including for violation of New York State common law.  It would be a waste of judicial

2    resources to litigate both actions.[1]

### BACKGROUND

4    EMI Music is among the best-known and most well-respected record companies in

5    the United States and the world.  Its labels own the copyrights to some of the world's most popular

6    sound recordings.  EMI Publishing is among the leading music publishers in the United States and

7    the world.  With its catalogs, it is in the business of acquiring, protecting and administering rights

8    in musical compositions in the United States.[2]

9    MP3tunes operates the websites MP3tunes.com and Sideload.com.  Through these

10   sites, MP3tunes engages in (and also facilitates, encourages and profits from) massive

11   infringement of musical works, including sound recordings owned by EMI Music labels and

12   musical compositions owned by EMI Publishing catalogs.  It is readily apparent from the face of

13   MP3tunes' websites that copyright infringement is part and parcel of MP3tunes' business plan.

14   In order to put a stop to infringement of its labels' sound recordings, EMI Music

15   sent MP3tunes a cease-and-desist letter on September 4, 2007.  The letter, sent by EMI Music's

16   outside litigation counsel, advised that MP3tunes "is copying and storing to its servers, indexing,

17   publicly performing, and making available for download hundreds (if not thousands) of our

18   client's copyrighted recordings in violation of the Copyright Act."  Declaration of Karin G.

19   Pagnanelli ("Pagnanelli Decl."), Ex. A at 1 (9/4/07 Fabrizio Letter).  EMI Music further advised

20
_____

21   [1]    The EMI Music labels that are named plaintiffs there are Capitol Records, Inc.; Caroline Records, Inc.; EMI Christian Music Group Inc.; Priority Records LLC; and Virgin Records

22   America, Inc.  The EMI Publishing catalogs named there are Beechwood Music Corp.; Colgems-EMI Music Inc.; EMI April Music Inc.; EMI Blackwood Music; EMI Full Keel Music; EMI

23   Golden Torch Music Corp.; EMI Longitude Music; EMI Virgin Music, Inc.; and EMI Virgin Songs, Inc.

24   [2]    Every song consists of two sets of copyrights.  The underlying music and lyrics are known as the musical composition.  The recorded performance of a musical composition is known as the

25   sound recording.  The EMI Publishing catalogs, which are not parties to this action but are plaintiffs in the SDNY Action, own and/or administer the copyrights to musical compositions.

26   EMI Music's labels own the copyrights to sound recordings.  The copyrights in musical compositions and sound recordings are distinct sets of rights, each separately protected and

27   enforceable.

1  MP3tunes that none of the "safe harbors" of the Digital Millennium Copyright Act ("DMCA")

2  protected this conduct.  Pagnanelli Decl., Ex. A at 2 (9/4/07 Fabrizio Letter).

3        In its response, within days of the September 4 letter, MP3tunes CEO Michael

4  Robertson advised EMI Music's counsel that MP3tunes would make a substantive proposal to

5  resolve the dispute and to ensure that there would be no future infringement of EMI Music sound

6  recordings.  Pagnanelli Decl., Ex. B at 1 (9/18/07 Fabrizio Letter).  Based on MP3tunes' response,

7  EMI Music postponed filing litigation.  MP3tunes' eventual response, a September 13, 2007 letter

8  from MP3tunes' outside counsel, did not contain the expected proposal for a global resolution, but

9  rather legal arguments as to why EMI Music's positions were supposedly incorrect.  By letter

10  dated September 18, 2007, EMI Music made clear (1) that its legal position was absolutely sound,

11  and (2) that it intended to file litigation imminently if the promised settlement proposal was not

12  forthcoming:

13        If MP3tunes has made an informed decision to litigate the issue of
        its copyright liability, so be it.  If, on the other hand, MP3tunes has a
14        meaningful proposal to make for an overall resolution, the time to
        make it is now.

15

16  Pagnanelli Decl., Ex. B at 3 (9/18/07 Fabrizio Letter).  Indeed, EMI Music stated expressly that it

17  was "not [its] intention to engage in an extended exchange of letters" and that it would respond to

18  MP3tunes' legal arguments only "to avoid litigation born of misunderstanding."  Pagnanelli Decl.,

19  Ex. B at 3 (9/18/07 Fabrizio Letter).  EMI made its intentions to litigate clear:  "If MP3tunes does

20  not intend to make a meaningful proposal to resolve this matter, kindly let us know and we will

21  proceed accordingly."  Pagnanelli Decl., Ex. B at 1 (9/18/07 Fabrizio Letter).

22        But instead of making a substantive proposal or advising that they had decided not

23  to, on September 20 – just *two days* after (and before even responding to) EMI Music's September

24  18 letter – MP3tunes picked its preferred forum and filed this litigation.  MP3tunes' suit seeks

25  little more than a declaration that a copyright infringement action brought by EMI Music would

26  fail, either because EMI Music could not prove infringement or because MP3tunes could establish

27

28

Mitchell
Silberberg &
Knupp LLP

1652693.1

3        CASE NO.  07 CV 1844 WQH (NLS)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

an affirmative defense.  Dec. J. Compl. ¶ 5.[3]  Strikingly, MP3tunes' Complaint itself concedes that MP3tunes filed suit to preempt litigation by the copyright owners.  It cites two reasons for seeking a declaratory judgment:  "because [MP3tunes] received two threatening – albeit deficient – cease-and-desist letters from [EMI Music's] counsel … and because [MP3tunes] was informed by [EMI Music's] counsel that the matter would not be resolved without litigation unless there was a substantial monetary payment."  Dec. J. Compl. ¶ 4.  MP3tunes thus acknowledges that its filing of this action was "a result" of EMI Music's threats to litigate.  Dec. J. Compl. ¶¶ 58-59.

MP3tunes did not immediately serve its Complaint; indeed, notwithstanding that this declaratory judgment action was ostensibly filed to secure an urgently needed declaration of its rights, MP3tunes did not serve the Complaint in this action for over a month.  Instead, content that it had secured the "first-filed" date, MP3tunes' counsel forwarded a "courtesy copy" of the Complaint, paradoxically professing that MP3tunes "remain[s] open to amicably resolving this situation without resorting to litigation."  Pagnanelli Decl., Ex. C at 1 (9/21/07 Sacks Letter).

In fact, despite MP3tunes' preemptive filing of this action, the parties did meet. After that meeting did not produce a settlement, a number of EMI Music labels, together with EMI Publishing catalogs whose copyrights are not at issue in this California suit, filed the SDNY Action.  In the SDNY Action, the labels and publishers allege that MP3tunes.com and its owner and founder, Michael Robertson, are directly and secondarily infringing the plaintiffs' copyrighted sound recordings and musical compositions.  Pagnanelli Decl., Ex. D at 11-22 (Copyright Compl. ¶¶ 41-93).  One of the plaintiffs there additionally asserts causes of action under New York common law for unfair competition and for the infringement of sound recordings that were fixed before 1972, because such pre-72 sound recordings are covered not by the federal Copyright Act, but by state common law.

---

[3]      Citations to "Dec. J. Compl." refer to the complaint filed on September 20, 2007, by MP3tunes in this declaratory judgment action.

**ARGUMENT**

MP3tunes' action is – as its Complaint acknowledges – nothing more than an effort to preempt the affirmative copyright action that MP3tunes knew was coming. MP3tunes' filing took improper advantage both of EMI's effort to explore resolution without litigation and of the Declaratory Judgment Act, usurping the copyright owners' rights as plaintiffs and seeking a merits adjudication that ought to (and will) come in the SDNY Action. MP3tunes' copyright claim should be dismissed for two independently sufficient reasons: First, federal law provides for dismissal of anticipatory, forum-shopping declaratory judgment actions like this one. And second, the pending New York action will resolve all of the copyright issues that MP3tunes' suit alleges here, as well as additional causes of action – making the present suit redundant under Rule 12(f). That leaves only MP3tunes' Section 512(f) claim, in which MP3tunes seeks affirmative relief for an alleged violation of the DMCA. That claim, however, fails under Rule 12(b)(6), as MP3tunes fails to state a claim.

**I.      THIS ACTION SHOULD BE DISMISSED IN FAVOR OF THE SDNY ACTION.**

> **A.      MP3tunes' Suit Was an Anticipatory, Forum-Shopping Suit Improperly Filed To Preempt Imminent Litigation by EMI Music.**

This action is a misuse of the declaratory judgment process. "The purpose of the Declaratory Judgment Act is to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure – or never." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1990) (internal quotations omitted). The purpose is *not* to provide a foundation for what MP3tunes did here: *i.e.*, take advantage of good faith efforts to avoid litigation in order to file an anticipatory lawsuit in the forum of its choice. Indeed, "[t]he wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum." *American Auto. Ins. Co. v. Freundt*, 103 F.2d 613, 617 (7th Cir. 1939); *see also Alton Box Bd. Co. v. Espirit de Corp.*, 682 F.2d 1267, 1274 (9th Cir. 1982) (recognizing the Act's "'limited procedural purpose'") (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667,

Mitchell
Silberberg &
Knupp LLP

1652693.1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1   673-74 (1950)).  Accordingly, in order to protect the Act's narrow purpose, courts must exercise

2   "substantial discretion in deciding whether to" assert jurisdiction over a declaratory judgment suit.

3   *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *see also* 28 U.S.C. § 2201 (recognizing that

4   court "may" declare rights in declaratory judgment action).  The law is clear that when would-be

5   defendants invoke the act simply to preempt other impending litigation, courts should decline to

6   assert jurisdiction.

7          For this very reason, the Ninth Circuit has recognized the "anticipatory suit" as an

8   express exception to the general rule giving priority to a first-filed action.  *Alltrade, Inc. v.*

9   *Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991); *see also, e.g.*, *Mission Ins. Co. v. Puritan*

10  *Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983) ("Anticipatory suits are disfavored because

11  they are aspects of forum-shopping").  Thus, to avoid turning the Declaratory Judgment Act into a

12  mere "tactical device whereby a party who would be a defendant in a coercive action may choose

13  to be plaintiff if he can beat the other party to the courthouse," *Gribin v. Hammer Galleries, a Div.*

14  *of Hammer Holding, Inc.*, 793 F. Supp. 233, 236 (C.D. Cal. 1992) (internal quotations omitted),

15  courts will dismiss a first-filed case when "the plaintiff in the first-filed action filed suit on receipt

16  of specific, concrete indications that a suit by the defendant was imminent."  *Brighton*

17  *Collectibles, Inc. v. Coldwater Creek, Inc.*, No. 06-cv-1848, 2006 WL 4117032, at *3 (S.D. Cal.

18  Sept. 12, 2006).

19          [W]hen a declaratory judgment action has been triggered by a cease
        and desist letter that both seeks settlement and notifies the party of
20      the possibility of litigation upon collapse of negotiations, equity
        militates in favor of allowing the second-filed action to proceed to
21      judgment rather than the first.

22  *Id.*; *see also, e.g.*, *Mediostream, Inc. v. Priddis Music Inc.*, No. 07-2127, 2007 WL 2790688, at *2

23  (N.D. Cal. Sept. 24, 2007); *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D.

24  Cal. 2003).  Suits filed only after threats of litigation are thus treated as "anticipatory," and are

25  "disfavored because they are examples of forum shopping."  *Z-Line Designs*, 218 F.R.D. at 665;

26  *accord Mediostream*, 2007 WL 2790688, at *2.

27          As the parties' correspondence and MP3tunes' Complaint here make clear,

28  litigation against MP3tunes was imminent, and MP3tunes knew it.  MP3tunes filed simply to

Mitchell
Silberberg &
Knupp LLP

                                                    6          CASE NO.  07 CV 1844 WQH (NLS)

1652693.1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1    usurp the EMI Music labels' right, as natural plaintiffs, to choose the forum, and to upset the

2    natural ordering of the parties.  MP3tunes concedes that it filed this suit because of EMI Music's

3    letters "threaten[ing] that it will be sued," and because of a statement by EMI Music's counsel

4    "that the matter would not be resolved without litigation unless there was a substantial monetary

5    payment."  Decl. J. Compl. ¶ 4.  This acknowledgement on its own resolves the question whether

6    the suit was anticipatory.  *See Brighton Collectibles*, 2006 WL 4117032, at *3 (proceeding with

7    second-filed suit based on party's "own attorney's statement that the threat of imminent litigation

8    contained in the August 23, 2006 letter caused [the party] to file the Idaho suit").

9         But the evidence of anticipation goes beyond that acknowledgement, as the timing

10   of MP3tunes' filing confirms its preemptive purpose.  MP3tunes raced to court to get its

11   declaratory judgment action on file ***two days*** after EMI Music's September 18 letter making clear

12   EMI Music would be filing suit imminently – and before even responding to the letter.  Pagnanelli

13   Decl., Ex. B (9/18/07 Fabrizio Letter).  MP3tunes did not rush to court because it genuinely

14   needed an immediate resolution of the issues.  Upon filing, MP3tunes waited ***more than a month***

15   to serve the complaint.  MP3tunes' only goal, while the parties discussed the issues further, was to

16   secure the earlier filing date and perhaps improve its bargaining position.  *See DeFeo v. Procter &*

17   *Gamble Co.*, 831 F. Supp. 776, 778 (N.D. Cal. 1993) ("The Declaratory Judgment Act is not to be

18   invoked to deprive a plaintiff of his conventional choice of forum and timing, precipitating a

19   disorderly race to the courthouse"); *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 810 (Fed. Cir.

20   1996) (refusing to allow declaratory judgment action by party that "thought it was in their interest

21   to protect themselves first and continue discussions," because doing so "would encourage parties

22   who were negotiating with patentees to use the declaratory judgment procedure to improve their

23   bargaining positions"), *overruled in part on other grounds*, *MedImmune, Inc. v. Genetech*, -- U.S.

24   --, 127 S. Ct 764 (2007).

25        Permitting soon-to-be defendants to misuse the Declaratory Judgment Act in this

26   manner would disrupt important federal policies.  Potential litigants should be encouraged to

27   discuss their disputes prior to bringing a lawsuit, and to explore whether the suit can be avoided.

28   *See Stone*, 968 F.2d at 861 n.20.  But if a defendant can exploit such overtures to initiate the

Mitchell
Silberberg &
Knupp LLP

1652693.1

7         CASE NO.  07 CV 1844 WQH (NLS)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1  litigation, filing a declaratory judgment in the defendant's preferred forum and on the defendant's

2  preferred schedule, potential plaintiffs would be hesitant to engage in discussions before filing

3  suit.  No plaintiff would do what EMI did:  send a pre-litigation letter explaining its legal positions

4  and inviting settlement discussions, Pagnanelli Decl., Exs. A & B – because as soon as the

5  plaintiff did, the would-be defendant could bring the plaintiff's suit and usurp the plaintiff's

6  prerogatives.  This is precisely why federal courts refuse to apply the first-to-file rule in such

7  anticipatory lawsuits.  Applying the rule "would thwart settlement negotiations, encouraging

8  intellectual property holders to file suit rather than communicate with an alleged infringer."  *Z-*

9  *Line Designs*, 218 F.R.D. at 665; *see also, e.g.*, *Mediostream*, 2007 WL 2790688, at *3 (warning

10 of consequences if Declaratory Judgment Act could be "invoked to deprive a plaintiff the choice

11 of forum and timing"); *Columbia Pictures Indus., Inc. v. Schneider*, 435 F. Supp. 742, 747

12 (S.D.N.Y. 1977).

13          Because this suit is clearly anticipatory, it should be dismissed.  *See, e.g.*, *AmSouth*

14 *Bank v. Dale*, 386 F.3d 763, 791 (6th Cir. 2004) (reversing district court for hearing declaratory

15 judgment action that "would serve no useful purpose and" was being used "for the purpose of

16 procedural fencing"); *see also, e.g.*, *Coldwater Creek, Inc. v. Brighton Collectibles, Inc.*, No. 06-

17 355, 2007 WL 2187104, at *4 (D. Idaho July 27, 2007) (dismissing anticipatory declaratory

18 judgment action); *Z-Line Designs*, 218 F.R.D. at 667 (dismissing anticipatory declaratory

19 judgment action).

20          **B.      MP3tunes' Declaratory Judgment Suit Is Wholly Encompassed by the New**

21              **York Action and Should Be Dismissed under Rule 12(f).**

22          The SDNY Action currently pending encompasses all of the issues and copyrights

23 relevant to MP3tunes' declaratory judgment claim, as well as additional issues, copyrights, and

24 parties not part of this action.  Everything that would be resolved in the declaratory judgment

25 claim here will be resolved in the SDNY Action.  However, because the SDNY Action is broader,

26 it will go forward even if this case proceeds as well.  Under Rule 12(f), and the discretion afforded

27 under the Declaratory Judgment Act, this action should thus be dismissed as redundant.  Fed. R.

28 Civ. P. 12(f) (providing for the dismissal of "any redundant … matter"); *Wilton*, 515 U.S. at 288

Mitchell
Silberberg &
Knupp LLP

1652693.1

8          CASE NO.  07 CV 1844 WQH (NLS)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1   ("In the declaratory judgment context, the normal principle that federal courts should adjudicate

2   claims within their jurisdiction yields to considerations of practicality and wise judicial

3   administration").  That MP3tunes' suit was filed first is irrelevant; a declaratory judgment action

4   that is wholly encompassed by a pending affirmative action should be dismissed.

5          Applying these principles, courts regularly dismiss declaratory judgment actions

6   like the one here.  If a declaratory judgment claim "can be resolved by resolution of" a

7   corresponding affirmative claim, then the declaratory judgment claim serves no purpose and

8   should be dismissed.  *AMX Corp. v. Pilote Films*, No. 04-2035, 2007 WL 1695120, at *22 (N.D.

9   Tex. June 5, 2007).  That is, when an affirmative claim and declaratory judgment claim "raise

10  identical factual and legal issues," the declaratory judgment claim is destined to "become moot"

11  and "must be dismissed."  *Acco Brands, Inc. v. Avery Dennison Corp.*, No. 99-1877, 2000 WL

12  986995, at *4 (C.D. Cal. Feb. 22, 2000).  Forcing district courts to entertain issues through a

13  declaratory judgment action in these circumstances simply increases litigation without adding any

14  benefit.  *See, e.g.*, *Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*, No. 05-6656, 2006 WL

15  3782916, at *3 (N.D. Ill. 2006) (citing *Wilton*'s emphasis on "wise judicial administration" and

16  dismissing declaratory judgment claim that "raised the same facts and legal issues" as plaintiffs'

17  affirmative claim).

18         Here, the SDNY Action is broader than the instant declaratory judgment action in

19  terms of the claims raised, the copyrights at issue, and the parties involved:

20  •   The theories of infringement in the SDNY Action encompass all of those on which

21      MP3tunes has sought a declaration here: "direct copyright infringement, contributory

22      copyright infringement and/or inducement of copyright infringement."  Dec. J. Compl.

23      ¶ 62.  The SDNY Action, however, contains an additional theory of liability under the

24      Copyright Act – vicarious copyright infringement – that is not raised in this declaratory

25      judgment action.  The SDNY Action additionally includes two causes of action under

26      New York common law for the infringement of works fixed before February 1972.

27      Pagnanelli Decl., Ex. D at 20-22 (Copyright Compl. ¶¶ 84-93).  The issue of pre-72 sound

28      recordings is not raised at all in this action.

Mitchell
Silberberg &
Knupp LLP

1652693.1

                                    9         CASE NO.  07 CV 1844 WQH (NLS)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

- While the rights of MP3tunes and EMI Music (via its labels) are at issue in both actions, the SDNY action includes numerous additional parties.  Most importantly, MP3tunes founder Michael Robertson is personally a defendant in the SDNY Action, for his personal participation in MP3tunes' infringing acts.  His personal liability has not been put in issue here.  Further, *nine* EMI publishers are plaintiffs in the SDNY Action but not to this declaratory judgment action.  These plaintiffs assert claims over an entirely different set of copyrights: the copyrights in the musical compositions.  MP3tunes' declaratory judgment action does not involve any claims of EMI Publishing catalogs or infringement of musical compositions.  Those claims can only be litigated in the SDNY Action.[4]

- Finally, MP3tunes will undoubtedly assert all of the same DMCA defenses in the SDNY Action – defenses based on 17 U.S.C. § 512(a)-(d) and (k) – and thus all of the same defenses will be adjudicated in the SDNY Action.

Because the SDNY Action must proceed regardless of whether this suit goes forward, proceeding here would be an unjustifiable waste of judicial resources.  "[T]he first-filed rule is not a strict rule and much more often than not gives way in the context of a coercive action filed subsequent to a declaratory action."  *AmSouth*, 386 F.3d at 791 n.8.  *See also Tempco Elec. Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987) (recognizing general rule in favor of allowing coercive action to proceed, even against earlier filed declaratory suits); *Schmitt v. JD Edwards World Solutions Co.*, No. 01-1009, 2001 WL 590039, at *2 (N.D. Cal. 2001) (collecting cases that "have dismissed or stayed a first filed declaratory judgment suit in favor of a subsequent coercive suit").  Rather than consuming resources by having two

---

[4]     While the Declaratory Judgment suit here includes nominal plaintiffs not present in the SDNY Action – EMI Group, PLC; EMI Group North America, Inc.; EMI Group North America Holdings, Inc.; and EMI Music North America, LLC – their absence there is of no moment.  MP3tunes makes no claims about the first three defendants' conduct, and there is no hint of a concrete dispute between those entities, which never sent a cease-and-desist letter, and MP3tunes.  *See Coalition for a Healthy California v. F.C.C.*, 87 F.3d 383, 386 (9th Cir. 1996); *Gribin*, 793 F. Supp. at 235.  MP3tunes identifies a controversy only with EMI Music; that dispute focuses on the rights of the EMI Music labels who are plaintiffs in the SDNY Action.

Mitchell
Silberberg &
Knupp LLP

1652693.1

10          CASE NO.  07 CV 1844 WQH (NLS)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1   proceedings on the single set of issues presented by MP3tunes' declaratory judgment suit, the

2   Court should dismiss the action here to allow all issues to be litigated together in the SDNY

3   Action.

4   **C.   At a Minimum, this Case Should Be Transferred to New York Pursuant to 28**

5   **U.S.C. § 1404(a).**

6          Even if the Court declines to dismiss this action, it should nonetheless transfer the

7   case to New York under 28 U.S.C. § 1404(a).  "For the convenience of parties and witnesses, in

8   the interest of justice, a district court may transfer any civil action to any other district or division

9   where it might have been brought."  28 U.S.C. § 1404(a).  There is no question that MP3tunes'

10  action "might have been brought" in New York, *id.*, 28 U.S.C. § 1391(b)-(c), and the interests of

11  justice clearly warrant transfer.  "The pendency of related actions in the transferee forum is a

12  significant factor in considering the interest of justice factor," *Jolly v. Purdue Pharma L.P.*, No.

13  05-1452, 2005 WL 2439197, at *2 (S.D. Cal. Sept. 28, 2005), as justice clearly will not be served

14  by having two parallel actions addressing identical issues in different courts.  Not only would such

15  duplicitous litigation "lead[] to the wastefulness of time, energy and money that § 1404(a) was

16  designed to prevent," *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960), but it creates a

17  serious risk of inconsistent results, *see Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1261

18  (W.D. Wash. 2005).  Courts thus regularly treat "[t]he feasibility of consolidation [a]s a significant

19  factor in a transfer decision."  *A.J. Indus. v. U.S. Dist. Ct. for the C.D. Cal.*, 503 F.2d 384, 389 (9th

20  Cir. 1974).  *See, e.g., id.* (transferring to district with related pending case); *Jolly*, 2005 WL

21  2439197, at *3; *Republic of Bolivia v. Philip Morris Cos.*, 39 F. Supp. 2d 1008, 1009-10 (S.D.

22  Tex. 1999) (same); *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 406 (S.D.N.Y.

23  2004) (same); *Durham Prods., Inc. v. Sterling Film Portfolio, Ltd., Series A*, 537 F. Supp. 1241,

24  1243 (S.D.N.Y. 1982) (same).  And while both actions contain federal infringement claims, the

25  SDNY Action also involves claims under New York common law for infringement and unfair

26  competition with regard to sound recordings fixed prior to 1972.  Pagnanelli Decl., Ex. D at 20-22

27  (Copyright Compl. ¶¶ 84-93)  New York is thus more sensible forum from a substantive

28

Mitchell
Silberberg &
Knupp LLP

1652693.1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1   perspective as well.  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000)

2   (looking to "the state that is most familiar with the governing law").

3   **II.      MP3TUNES' DMCA CLAIM FAILS AS A MATTER OF LAW.**

4            In addition to its declaratory judgment claims, MP3tunes makes one affirmative

5   claim: that "Defendants knowingly materially misrepresented that certain material on the

6   [MP3tunes] Sites was infringing in violation of 17 U.S.C. § 512(f)(1) when it was not."  Decl. J.

7   Compl. ¶ 63.  Specifically, in EMI's takedown notice – a notice that identified approximately 350

8   representative infringing works (out of a website containing over 400,000) – MP3tunes claims that

9   *seven* of the identified works were allegedly authorized for distribution and therefore not

10  infringing.  Decl. J. Compl. ¶¶ 22, 25-26 & Pagnanelli Decl., Ex. A.  Even taking these allegations

11  as true (which they are not), MP3tunes has not stated a claim on which relief can be granted.

12  MP3tunes' claim fails as a matter of law for two independent reasons.  First, the Ninth Circuit has

13  ruled that when a website contains thousands of infringing recordings, a § 512(f) claim cannot be

14  asserted against a copyright owner because a takedown notice contains some *de minimis* errors.

15  Second, MP3tunes has not identified any cognizable injury, which is an element of the claim.

16  Accordingly, MP3tunes' second claim for relief must be dismissed.

17           Section 512(f) provides a cause of action against a party "who knowingly

18  materially misrepresents … that material or activity is infringing" by one "who is injured by such

19  misrepresentation, as the result of the service provider relying upon such misrepresentation in

20  removing or disabling access to the material."  17 U.S.C. § 512(f).  Even assuming that the seven

21  works in question were in fact authorized for distribution, including them in a letter addressing

22  massive copyright infringement, illustrated through a "representative" list of 350 works, cannot

23  qualify as a "material[]" misrepresentation.  Section 512(f) does not authorize lawsuits based on

24  mistakes, let alone trivial mistakes.  *See Rossi v. MPAA*, 391 F.3d 1000, 1004-05 (9th Cir. 2004).

25  Thus in *Arista Records, Inc. v. MP3Board, Inc.*, No. 00-4660, 2002 WL 1997918, at *15

26  (S.D.N.Y. Aug. 29, 200), the court rejected a claim like that asserted by MP3tunes, concluding

27  that "the presence of one authorized song file does not constitute a material misrepresentation in

28  light of the facts of this case."

Mitchell
Silberberg &
Knupp LLP
1652693.1

12        CASE NO.  07 CV 1844 WQH (NLS)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1       Additionally, MP3tunes' claim fails because MP3tunes has not alleged any

2  cognizable injury.  The only allegation made by MP3tunes is that it took down links to the seven

3  works.  Dec. J. Compl. ¶ 65.  That is not a cognizable harm.  Section 512(f) provides for a claim

4  only by someone "who is injured … *as the result* of the service provider relying upon such

5  misrepresentation in removing or disabling access to the material."  The act of removing or

6  disabling access cannot itself give rise to a lawsuit in the absence of harm "as the result" of that

7  action.  17 U.S.C. § 512(f).  A plaintiff must have suffered some injury as a result of taking down

8  identified material – whether loss of business, reputational harm, or some other damage.  The mere

9  takedown, without some resulting harm, cannot, under the statute, support a claim.  Here,

10  MP3tunes does not allege any resulting harm.  And indeed, with a database of over 400,000

11  works, taking down seven works, without more, simply cannot support a claim for damages.[5]

## CONCLUSION

13       For the foregoing reasons, MP3tunes' Complaint should be dismissed.

14  DATED: November 13, 2007         KARIN G. PAGNANELLI
                         MITCHELL SILBERBERG & KNUPP LLP

17                         By:      s/Karin G. Pagnanelli
                           Karin G. Pagnanelli
                           E-mail: kgp@msk.com
                           Attorneys for Defendants
                           EMI Group, PLC, EMI Group North
                           America, Inc., EMI Group North America
                           Holdings Inc., and EMI Music North
                           America, LLC

---

[5]    If the Court does not dismiss MP3tunes' 512(f) claim, that claim too would be much better litigated in New York, where all of MP3tunes' DMCA defenses, including as to the sufficiency of EMI Music's takedown notice, will be litigated.  Additionally, MP3tunes' 512(f) claim will focus on EMI Music's ownership of the seven works, and authorization (or lack of authorization) for the distribution of those works.  The facts, witnesses and documents related to that claim will largely be found in New York.  *See DeFazio v. Hollister Employee Share Ownership Trust*, 406 F. Supp. 2d 1085, 1090-91 (E.D. Cal. 2005) (looking at location of records and documents); *Jolly*, 2005 WL 2439197, at *2-*3 (considering possibility of consolidation in evaluating convenience to parties under §1404(a)).

Mitchell
Silberberg &
Knupp LLP

1652693.1

13      CASE NO.  07 CV 1844 WQH (NLS)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on November 13, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email address(es):

bbigman@dskllp.com

mhon@duanemorris.com

dminteer@duanemorris.com

                                                 s/Karin G. Pagnanelli

Karin G. Pagnanelli
E-mail: kgp@msk.com