# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MP3TUNES, LLC, <br><br>                                  Plaintiff, <br> vs. <br><br> EMI GROUP, PLC; EMI GROUP NORTH AMERICA, INC; EMI GROUP NORTH AMERICA HOLDINGS, INC.; EMI MUSIC NORTH AMERICA, LLC; CAPITOL RECORDS, INC.; CAROLINE RECORDS, INC.; EMI CHRISTIAN MUSIC GROUP, INC.; PRIORITY RECORDS, LLC; VIRGIN RECORDS AMERICA, INC.; BEECHWOOD MUSIC CORP.; COLGEMS-EMI MUSIC INC.; EMI APRIL MUSIC, INC.; EMI BLACKWOOD MUSIC; EMI FULL KEEL MUSIC; EMI GOLDEN TORCH MUSIC CORP.; EMI LONGITUDE MUSIC; EMI VIRGIN MUSIC, INC.; EMI VIRGIN SONGS, INC., <br><br>                                  Defendants. | CASE NO. 07CV1844 WQH (NLS) <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

HAYES, Judge:

Pending before the Court is Defendants' motion to dismiss Plaintiff's Amended Complaint. (Doc. # 15). The Court finds this matter suitable for submission the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**PROCEDURAL BACKGROUND**

On September 20, 2007, Plaintiff MP3Tunes, LLC (MP3Tunes) filed a Complaint in the United States District Court for the Southern District of California against Defendants EMI Group,

1  PLC, EMI Group North America, Inc., EMI Group North America Holdings Inc., and EMI Music
2  North America, LLC.  (Doc. # 1).  The Complaint asserted a claim for declaratory relief pursuant to
3  28 U.S.C. § 2201, and an affirmative claim for violation of the Digital Millennium Copyright Act, 17
4  U.S.C. § 512(f).  (Doc. # 1).  On November 9, 2007, Capitol Records, Inc., Caroline Records, Inc.,
5  EMI Christian Music Group, Inc., Priority Records, LLC, Virgin Records America, Inc., Beechwood
6  Music Corp., Colgems-EMI Music, Inc., EMI April Music, Inc., EMI Blackwood Music, EMI Full
7  Keel Music, EMI Golden Torch Music Corp., EMI Longitude Music, EMI Virgin Music, Inc., and
8  EMI Virgin Songs, Inc., filed a Complaint against MP3Tunes in the United States District Court for
9  the Southern District of New York.  (Doc. # 15, Ex. D).  That Complaint asserted federal claims for
10 copyright infringement, common law claims for copyright infringement, and New York state law
11 claims for unfair competition.  (Doc. # 15, Ex. D).  On November 13, 2007, the Defendants named
12 by Plaintiff MP3Tunes in this Court filed the pending motion to dismiss MP3Tunes' Complaint on
13 the grounds that the Complaint (Doc. # 1) was anticipatory, filed with an intent to forum-shop, and
14 failed to state a claim upon which relief could be granted.  (Doc. # 15).

15        On December 3, 2007, Plaintiff MP3Tunes filed an Amended Complaint and an opposition
16 to Defendants' motion to dismiss.  (Docs. # 17, 18).  The Amended Complaint named as additional
17 Defendants[1] Capitol Records, Inc., Caroline Records, Inc., EMI Christian Music Group, Inc., Priority
18 Records, LLC, Virgin Records America, Inc., Beechwood Music Corp., Colgems-EMI Music, Inc.,
19 EMI April Music, Inc., EMI Blackwood Music, EMI Full Keel Music, EMI Golden Torch Music
20 Corp., EMI Longitude Music; EMI Virgin Music, Inc., and EMI Virgin Songs, Inc.  (Doc. # 17).  In
21 addition, the Amended Complaint added a claim for violation of the California Business & Professions
22 Code.  (Doc. # 17).

23        On December 10, 2007, Defendants filed a reply to support the motion to dismiss, and asked
24 the Court to construe the motion to dismiss as directed toward the Amended Complaint.  (Doc. # 20).
25 On December 14, 2007, Plaintiff MP3Tunes filed a sur-reply.  (Doc. # 24).  On December 17, 2007,
26 Defendants filed a response to Plaintiff's sur-reply.  (Doc. # 25).

27 ───────────────
28 [1] The additional Defendants named by Plaintiff in the Amended Complaint were the named Plaintiffs who filed suit against MP3Tunes in the United States District Court of the Southern District of New York.  *See* (Doc. # 15, Ex. D).

**ALLEGATIONS OF THE AMENDED COMPLAINT & OTHER UNDISPUTED FACTS**

Plaintiff MP3Tunes owns and operates MP3Tunes.com and Sideload.com, and offers music storage lockers to users of the websites. *Amended Complaint* (Doc. # 17), ¶ 1. "MP3Tunes.com is a music service provider and the home of Oboe," a personal music locker offering unlimited online storage where visitors can store their personal music collections. *Am. Compl.*, ¶ 2. "Sideload.com is a website owned and operated by MP3Tunes," and it "aggregates popular free music tracks on the web chosen and posted by users." *Am. Compl.*, ¶ 3.

Defendants own copyrights in popular sound recordings. *Am. Compl.*, Ex. A.

On September 4, 2007, Defendants sent a cease-and-desist letter to Plaintiff which indicated that Defendants owned copyrights in popular sound recordings and informed Plaintiff that (1) Plaintiff was "copying and storing to its servers, indexing, publicly performing, and making available for download hundreds (if not thousands)" of Defendants' copyrighted recordings, and (2) Defendants had not authorized Plaintiff's conduct. *Am. Compl.*, Ex. A at 1. The letter further alleged that Plaintiff's conduct constituted "copyright infringement," and demanded that Plaintiff take action to end the infringing behavior. *Am. Compl.*, Ex. A at 2. The letter asked for Plaintiff's "immediate attention" to the matter, and noted that the letter did not constitute a "waiver of any of EMI's rights and remedies, all of which hereby are expressly reserved." *Am. Compl.*, Ex. A at 3.

Plaintiff alleges that Defendants' letter of September 4, 2007, was deficient and did not comply with the notice requirements of the Digital Millennium Copyright Act. *Am. Compl.*, ¶¶ 39-46. Plaintiff further alleges that Defendants "knowingly materially misrepresented that certain material on [MP3Tunes.com and Sideload.com] . . . was infringing in violation of 17 U.S.C. § 512(f)(1) when it was not," and that Defendants "engaged in an unfair, deceptive, or illegal business act or practice" in violation of the California Business & Professions Code Section 17200. *Am. Compl.*, ¶¶ 46-48, 88.

On or shortly after September 4, 2007, Plaintiff's CEO Michael Robertson "contacted Defendants' counsel" with respect to Defendants' cease-and-desist letter "and was informed that the matter was unlikely to be settled absent a substantial monetary payment." *Am. Compl.*, ¶ 76. Robertson informed Defendants that Plaintiff MP3Tunes would be making a proposal to resolve the issue. *Am. Compl.*, ¶ 76 & Ex. A at 20.

1       On September 13, 2007, Plaintiff responded in writing to Defendants' letter of September 4,
2 2007. *Am. Compl.*, Ex. A at 12. Plaintiff informed Defendants that Plaintiff believed that Defendants'
3 allegations were "baseless," and that Defendants "failed to comply with the requirements of the
4 Digital Millennium Copyright Act" when notifying Plaintiff of Plaintiff's alleged infringement. *Am.*
5 *Compl.*, ¶ 77 & Ex. A at 12. Plaintiff noted that it was willing to "resolve the matter amicably," and
6 expressly reserved all rights and defenses, however, Plaintiff's letter did not include a substantive
7 settlement proposal. *Am. Compl.*, Ex. A at 12, 14.

8       On September 18, 2007, Defendants responded in writing to Plaintiff's letter of September 13,
9 2007. *Am. Compl.*, Ex. A at 20. In that letter, authored by Defendants' counsel Steven Fabrizio,
10 Fabrizio noted that "[w]hen Michael Robertson and I spoke last week, it was my impression that
11 MP3Tunes would be making a [substantive proposal both to redress past infringement of EMI works
12 and to ensure that there will be no future infringement of EMI works]. If MP3Tunes does not intend
13 to make a meaningful proposal to resolve this matter, kindly let us know and we will proceed
14 accordingly." *Am. Compl.*, Ex. A at 20. The letter further reviewed provisions of the Digital
15 Millennium Copyright Act, and informed Plaintiff of Defendants' belief that Plaintiff was in violation
16 of that Act. *Am. Compl.*, Ex. A at 20-22. Finally, the letter stated the following: "If MP3Tunes has
17 made an informed decision to litigate the issue of its copyright liability, so be it. If, on the other hand,
18 MP3Tunes has a meaningful proposal to make for an overall resolution, the time to make it is now."
19 *Am. Compl.*, Ex. A at 22.

20       On September 20, 2007–two days after Defendants' letter of September 18, 2007–Plaintiff
21 filed the Complaint against Defendants in this Court. (Doc. # 1). Plaintiff filed the Complaint because
22 it felt "justifiably threatened that it will be sued by Defendants as a result of the foregoing websites
23 and software because Plaintiff received three threatening–albeit deficient–cease-and-desist letters from
24 Defendants' counsel . . . ." (Doc. # 1 at 2, ¶ 4); *see also Am. Compl.* (Doc. # 17)*, ¶* 4.

25       Plaintiff did not attempt to serve the Complaint upon Defendants on September 20, 2007.
26 *Declaration of Karen Pagnanelli (Pagnanelli Decl.)* (Doc. # 15-2), Ex. C at 8. Instead, on September
27 21, 2007, Plaintiff responded in writing to Defendants' letter of September 18, 2007. *Pagnanelli*
28 *Decl.*, Ex. C at 8. Therein, Plaintiff noted that it was protected by the Digital Millennium Copyright

1  Act, and that it had "not infringed or otherwise violated" Defendants' copyrights. *Pagnanelli Decl.*,

2  Ex. C at 8.  In addition, Plaintiff's counsel, Ira Sacks, informed Defendants that Plaintiff had filed a

3  Complaint:

> In light of the tone of, and accusations in, your letters, enclosed please find a courtesy copy of a summons and complaint which was filed in the Southern District of California, but has not yet been served. We remain open to amicably resolving this situation without resorting to litigation.
>
> . . .
>
> If you wish to amicably resolve this matter, please feel free to contact me. If not, please let us know if you are willing to accept service on behalf of your clients.

9  *Pagnanelli Decl.*, Ex. C at 10.

10  On October 25, 2007, Defendants sent Plaintiff an additional notice apprising Plaintiff of

11  Defendants' sound recording copyrights and asking Plaintiff to stop infringing upon those copyrights.

12  *Am. Compl.*, Ex A at 23-25.

13  On November 9, 2007, Defendants filed a Complaint against MP3Tunes in the United States

14  District Court for the Southern District of New York for federal copyright infringement, common law

15  copyright infringement, and for violation of New York state unfair business practices laws. (Doc. #

16  15-2, Ex. D at 11).

## DISCUSSION

18  Defendants contend that Plaintiff's Complaint should be dismissed because Plaintiff's claim

19  for declaratory relief is anticipatory and was brought for the purposes of trying to dictate the forum,

20  and Plaintiff's affirmative claim for violation of 17 U.S.C. § 512(f) fails to state a claim upon which

21  relief can be granted. Specifically, Defendants contend that Plaintiff brought this suit after Defendants

22  informed Plaintiff that Plaintiff was infringing upon Defendants' copyrights, and that Plaintiff only

23  filed suit after it became apparent that Defendants intended to do so. Defendants contend that the

24  Court should decline to exercise supplemental jurisdiction of Plaintiff's state law claim for violation

25  of the California Business & Professions Code.

26  Plaintiff contends that the Court should not dismiss the Complaint because Plaintiff was the

27  first to file suit; Plaintiff contends that this suit has priority over the suit in the Southern District of

28  New York. Plaintiff contends that its Complaint is not anticipatory and that Plaintiff has adequately

1  pled a claim pursuant to 17 U.S.C. § 512(f).  Finally, Plaintiff contends that the claims which
2  Defendants' have asserted in the United States District Court for the Southern District of New York
3  should have been filed in this suit as compulsory counterclaims.

**I.  Plaintiff's Claim for Declaratory Relief**

    **A.  Standard of Review:  The First to File Rule**

The "first-to-file rule" allows a district court to "transfer, stay, or dismiss an action when a similar complaint has been filed in another federal court." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 623 (9th Cir. 1991).  "In applying this rule, a court looks at three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." *Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003).  Though the first-to-file rule is not to be "disregarded lightly," *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979), its "most basic aspect" is that "it is discretionary," and "'an ample degree of discretion, appropriate for the disciplined and experienced judges, must be left to the lower courts.'" *Alltrade*, 946 F.2d at 628 (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952))."

Taking into consideration "wise judicial administration" and "conservation of judicial resources," a district court can, in the exercise of its discretion, "dispense with the [first-to-file] rule for reasons of equity." *Z-Line Designs*, 218 F.R.D. at 665; *Alltrade*, 946 F.2d at 628.  "The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping." *Alltrade*, 946 F.2d at 628 (internal citations omitted); *Z-Line Designs*, 218 F.R.D. at 665; *Mediostream, Inc. v. Priddis Music, Inc.*, No. C 07-2127 PJH, 2007 U.S. Dist. LEXIS 73707, *6-7 (N.D. Cal. Sept. 24, 2007).

In considering a motion to dismiss, stay, or transfer an anticipatory or forum-shopping suit, a court may examine declarations, affidavits, and other evidence submitted by the parties. *Alltrade*, 946 F.2d at 628 (noting that a district judge should weigh the facts); *Palantir Technologies, Inc. v. Palantir.Net, Inc.*, No. C 07-03863 CRB, 2007 U.S. Dist. LEXIS 76830, *2-4 (N.D. Cal. Oct. 2, 2007) (court considered declarations to determine whether suit was anticipatory).

**B. Whether the First to File Rule Should Apply in This Case**

Plaintiff MP3Tunes filed the Complaint in this Court on September 20, 2007, seeking declaratory and affirmative relief under the Digital Millennium Copyright Act. (Doc. # 1). On November 9, 2007, Defendants filed a Complaint against MP3Tunes and its CEO Michael Robertson in the United States District Court for the Southern District of New York for copyright infringement and violation of New York state laws. (Doc. # 15, Ex. D). On December 3, 2007, Plaintiff MP3Tunes filed an Amended Complaint in this Court adding Defendants, and a claim for violation of California state law. (Doc. # 18).

After reviewing the Complaints filed in this Court and in the Southern District of New York, the Court concludes that the Complaint filed by MP3Tunes in this Court was first in time. In addition, the Court concludes that the parties and the issues are similar and intertwined. *Z-Line Designs*, 218 F.R.D. at 665 (in applying first to file rule, a court looks at three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues ). Accordingly, the Court concludes that the "the first to file rule" applies in this case. *Id*.

**C. Whether the Court Should Dismiss Plaintiff's Claim for Declaratory Relief for Reasons of Equity**

A district court can dispense with the first to file rule and dismiss or transfer a case to another court "for reasons of equity," including where a party filed the first suit in "bad faith," as an "anticipatory suit," or for the purposes of "forum shopping." *Alltrade*, 946 F.2d at 628; *Z-Line Designs*, 218 F.R.D. at 665. "A suit is anticipatory when the plaintiff filed upon receipt of specific, concrete indications that a suit by defendant was imminent." *Z-Line Designs*, 218 F.R.D. at 665; *Mediostream*, No. C 07-2127 PJH, 2007 U.S. Dist. LEXIS 73707, *7 (N.D. Cal. Sept. 24, 2007). An anticipatory suit is disfavored because it is "an example of forum shopping." *Id.* "The Declaratory Judgment Act is not to be invoked to deprive a plaintiff of his conventional choice of forum and timing," because such would "[precipitate] a disorderly race to the courthouse." *Z-Line Designs*, 218 F.R.D. at 665 (citing *DeFeo v. Proctor & Gamble Co.*, 831 F. Supp. 776, 778 (N.D. Cal. 1993).

The controversy which resulted in Plaintiff MP3Tunes filing suit in this Court began when Defendants sent a cease-and-desist letter to Plaintiff on September 4, 2007. In the letter, Defendants alleged that Plaintiff was infringing upon Defendants' sound recording copyrights vis-a-vis

1  MP3Tunes.com and Sideload.com, and demanded that Plaintiff cease the infringing behavior. After
2  receiving the letter Plaintiff's counsel spoke with Defendants' counsel regarding the allegations, and
3  the parties discussed settlement. At that time, Plaintiff represented that it would be making a
4  substantive proposal to resolve the matter. *Am. Compl.*, Ex. A at 20. However, when Plaintiff
5  responded in writing to Defendants' letter on September 13, 2007, Plaintiff did not include a
6  substantive proposal to resolve the matter, though Plaintiff did assert that it was still willing to
7  "resolve the matter amicably." *Am. Compl.*, Ex. A at 12.

8  On September 18, 2007, Defendants's counsel responded in writing to Plaintiff's letter of
9  September 13, 2007. *Am. Compl.*, Ex. A at 20. Therein, Defendants' counsel wrote:

> [W]e invite MP3tunes to make a substantive proposal both to redress past infringement of EMI works and to ensure that there will be no future infringement of EMI works. When [MP3Tunes's CEO] Michael Robertson and I spoke last week, it was my impression that MP3tunes would be making such a proposal. If MP3tunes does not intend to make a meaningful proposal to resolve this matter, kindly let us know and we will proceed accordingly.

*Am. Compl.*, Ex. A at 20. In addition, the penultimate paragraph of the letter stated,

> [i]f MP3tunes has made an informed decision to litigate the issue of its copyright liability, so be it. If, on the other hand, MP3tunes has a meaningful proposal to make for an overall resolution, the time to make it is now.

*Am. Compl.*, Ex. A at 22.

On September 20, 2007, two days after Defendants sent the letter of September 18, 2007, Plaintiff MP3Tunes filed suit for declaratory relief in this Court.

After reviewing the Amended Complaint and the declarations submitted by both parties, the Court finds that Defendants' cease-and-desist letter of September 4, 2007, (1) put Plaintiff on notice of Defendants' belief that Plaintiff was infringing Defendants' copyrights, (2) asked Plaintiff to devote "immediate attention" to the matter, and (3) informed Plaintiff that Defendants were open to resolving the matter without litigation. *Am. Compl.*, Ex. A at 3. The Court further finds that Defendants' letter of September 18, 2007, gave "specific, concrete indications that a suit by defendant was imminent," by referencing litigation and Defendants' desire to "proceed accordingly" if Plaintiff did not want an

amicable resolution.[2] *Z-Line Designs*, 218 F.R.D. at 665; *Mediostream*, No. C 07-2127 PJH, 2007 U.S. Dist. LEXIS 73707, *7 (N.D. Cal. Sept. 24, 2007); *Am. Compl.*, Ex. A at 20-22. Finally, the Court finds that Plaintiff filed suit immediately after receiving Defendants' letter of September 18, 2007, and before responding to Defendants' letter of September 18, 2007, in any manner. (Doc. # 15, Ex. C at 10).

After considering the timing and contents of Plaintiff's Complaint of September 20, 2007, and letter of September 21, 2007, as well as Defendants' unresolved settlement queries and expressed desire to litigate if and when Plaintiff indicated that settlement was not an option, the Court finds that Plaintiff filed suit in this Court in order to dictate the forum, improve its bargaining position in ongoing negotiations, and in anticipation of a suit by Defendants. As noted by the court in *Z-Line Designs*,

> [d]enial of [defendants'] motion to dismiss in this situation would discourage pre-litigation settlement discussions. At a minimum, such a denial would encourage parties interested in protecting their intellectual property rights to file a complaint prior to attempting settlement. 'Potential plaintiffs should be encouraged to attempt settlement discussions prior to filing lawsuits without fear that the defendant will be permitted to take advantage of the opportunity to institute litigation in a district of its own choosing before the plaintiff files a complaint.'

218 F.R.D. at 666-67 (citing *Capitol Records, Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350, 1354 (S.D.N.Y. 1992)); *see also Photothera, Inc. v. Oron*, 07CV490, 2007 U.S. Dist. LEXIS 8905, *8 (S.D. Cal. Dec. 4, 2007) (court can dismiss declaratory action where action filed to improve bargaining position); *Veoh Networks, Inc. v. UMG Recordings, Inc.*, 522 F. Supp. 2d 1265, 1271 (S.D. Cal. 2007) (same). In addition, where "a declaratory judgment action has been triggered by a cease and desist letter, equity militates in favor of allowing the second-filed action to proceed to judgment rather than the first." *Z-Line Designs*, 218 F.R.D. at 667. This is particularly true in this case, where Plaintiff's original Complaint asserted claims which are inexorably intertwined and subsumed by those affirmative copyright infringement claims which Defendants later asserted in the Southern District of New York.

---

[2] Plaintiff contends that Defendants never gave Plaintiff an express and definite date on which Defendant intended to file suit in New York. However, Plaintiff cites no authority for the proposition that a definite date is required to satisfy the "specific concrete indications that a suit by defendant was imminent" requirement. Indeed, while a definite filing date is sufficient to satisfy the requirement, it is not necessary. *See Gribin v. Hammer Galleries*, 739 F. Supp. 233, 234-37 (C.D. Cal. 1992).

1  After reviewing the Amended Complaint, the original Complaint, and the papers in support of and opposition to Defendants' motion to dismiss, the Court concludes that Plaintiff's claim for declaratory relief must be dismissed without prejudice as an anticipatory suit. *Alltrade*, 946 F.2d at 623; *Z-Line Designs*, 218 F.R.D. at 667; *Mediostream*, No. C 07-2127 PJH, 2007 U.S. Dist. LEXIS 73707, *10 (N.D. Cal. Sept. 24, 2007); *Shapiro v. Jupiterimages Corp.*, No. C 07-5540 PJH, 2008 U.S. Dist. LEXIS 4851, *4-6 (N.D. Cal. Jan. 18, 2008); *see also Veoh Networks, Inc.*, 522 F. Supp. 2d 1265, 1271-72.

Defendant's motion to dismiss Plaintiff's claim for declaratory relief is GRANTED.

## II. Plaintiff's Claim for Violation of 17 U.S.C. § 512(f)

### A. Standard of Review: Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under FED R. CIV. P. 12(b)(6) tests the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may be dismissed for failure to state a claim under FED R. CIV. P. 12(b)(6) where the factual allegations do not raise the "right to relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965-70 (2007). In ruling on a motion pursuant to FED R. CIV. P. 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and further, must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Robertson v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (amended by 275 F.3d 1187 (9th Cir. 2001)).

In considering a FED R. CIV. P. 12(b)(6) dismissal, a court may not look beyond the complaint. *Moore v. Costa Mesa*, 886 F.2d 260, 262 (9th Cir. 1989).

### B. Whether Plaintiff's Claim Pursuant to 17 U.S.C. § 512(f) Should Be Dismissed

17 U.S.C. § 512(f), provides that,

> (f) **Misrepresentations.** Any person who knowingly materially misrepresents under this section--

> (1) that material or activity is infringing, or
> (2) that material or activity was removed or disabled by mistake or misidentification,
>
> shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner or copyright owner's authorized licensee, or by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it.

In order to state a claim pursuant to 17 U.S.C. § 512(f)(1), a plaintiff must allege that defendant "knowingly and materially misrepresent[ed] that copyright infringement . . . occurred." *Online Policy Group v. Diebold*, 337 F. Supp. 1195, 1204 (N.D. Cal. 2004). However, "[a] copyright owner cannot be liable simply because an unknowing mistake is made, even if the copyright owner acted unreasonably in making the mistake." *Rossi v. MPAA*, 391 F.3d 1000, 1004 (9th Cir. 2004); *see also Artista Records v. MP3Board*, 00 Civ. 4660 (SHS), 2002 U.S. Dist. LEXIS 16165, *45 (S.D.N.Y. Aug. 29, 2002).

The Amended Complaint alleges that Defendants' September 4, 2007, cease-and-desist letter included "some songs" that "are freely available for digital download." *Am. Compl.*, ¶ 44. Specifically, the Amended Complaint alleges that the songs "Once Upon A Time" by recording artist "Air," and "Nobody Move, Nobody Get Hurt" by recording artist "We Are Scientists," were included by Defendants in their cease-and-desist letter even though the songs were available for free download on the "Filter" and "Spin" magazine websites, and were therefore non-infringing. *Am. Compl.*, ¶¶ 44-46. The Amended Complaint further alleges that other tracks available from "the Paste Store" were included in Defendants' cease-and-desist letter even though those tracks were available as free downloads and were not infringing. *Am. Compl.*, ¶ 45. After noting those specific examples, the Amended Complaint alleges that "Defendants knowingly materially misrepresented that certain material on [MP3Tunes.com and Sideload.com] . . . was infringing in violation of 17 U.S.C. § 512(f)(1) when it was not." *Am. Compl.*, ¶ 46.

Defendants contend that Plaintiff's claim pursuant to 17 U.S.C. § 512(f) fails as a matter of law because even assuming the allegations of the Amended Complaint are true, the Amended Complaint (1) alleges only de minimus errors in the cease-and-desist letters which are not material in light of the breadth of copyright infringement alleged by Defendants, and (2) does not allege the

1  required cognizable injury.  Specifically, Defendants contend that the Amended Complaint alleges
2  that, at most, seven (7) of the three hundred and fifty (350) songs included in the cease-and-desist
3  letter were wrongly included, and that seven errors is not material given the scope of infringement
4  alleged by Defendants.  Defendants further note that the Amended Complaint only alleges that
5  Plaintiff "believes that it is likely" that certain songs are non-infringing, and contends that the
6  allegations are too speculative to state a claim under *Bell Atlantic v. Twombly*, 127 S. Ct. at 1965-70.

7  Defendants' cease-and-desist letter of September 4, 2007, informed Plaintiff that Plaintiff was
8  infringing upon "hundreds, if not thousands," of Defendants' copyrights. *Am. Compl.*, Ex. A at 2.  In
9  addition, Defendants's letter included a "representative list" of infringing songs, 350 in total, which
10 Defendants noted represented only "a small portion of the total number of infringing EMI works
11 contained on MP3Tunes." *Am. Compl.*, Ex. A at 2.  Plaintiff's Amended Complaint alleges that
12 Defendants' cease-and-desist letter "knowingly materially misrepresented" that material on
13 MP3Tunes.com and Sideload.com was infringing.  However, in identifying specific songs which
14 Defendants allegedly misrepresented as infringing, Plaintiff alleges only that "Plaintiff has no reason
15 to believe that the *Filter* track is anything but lawful," and that Plaintiff "believes that it is likely" that
16 other tracks are promotional tracks which are lawfully available.  Thus, even assuming the allegations
17 of the Amended Complaint are true, Plaintiff has not identified or alleged a single track as definitively
18 lawful, non-infringing, and wrongfully included in the cease-and-desist letter.  In addition, one of the
19 tracks that Plaintiff "has no reason to believe . . . is anything but lawful," "Once Upon A Time" by
20 "Air," did not even appear in the representative list of songs included by Defendant, and therefore
21 cannot support a claim pursuant o 17 U.S.C. § 512(f).

22 Notwithstanding Plaintiff's inability to identify or allege a single track which appeared on
23 MP3Tunes.com or Sideload.com which was definitively lawful, non-infringing, and wrongly included
24 in Defendants' cease-and-desist letter, the Court finds that the Amended Complaint does not plausibly
25 allege knowing and material misrepresentations by Defendant.  Though the Amended Complaint
26 alleges that Defendants "knowingly and materially misrepresented" that certain material on
27 MP3Tunes.com and Sideload.com was non-infringing, the Amended Complaint did not allege facts
28 which identify how or why Defendants knew or should have known that the material was non-

1 infringing. In addition, the specific examples identified by Plaintiff either (a) were not included in
2 Defendants' cease-and-desist letter, or (b) were not clearly identified by Plaintiff as non-infringing.
3 *See Bell Atlantic*, 127 S. Ct. at 1965-70 (motion to dismiss should be granted if the allegations of the
4 complaint do not raise the right to relief above the speculative level). Finally, even assuming that the
5 specific examples listed in the Complaint did clearly identify non-infringing songs, the Court finds
6 that, as pled, the misrepresentations were not material given the breadth of infringement alleged by
7 Defendant and the speculative nature of the allegations. *See Rossi*, 391 F.3d at 1005 (an unknowing
8 mistake cannot support a claim pursuant to 17 U.S.C. § 512(f)); *Artista Records*, 00 Civ. 4660 (SHS),
9 2002 U.S. Dist. LEXIS 16165, *45 (S.D.N.Y. Aug. 29, 2002) (presence of one authorized and non-
10 infringing song does not constitute a material misrepresentation in light of facts of case).

11 After reviewing the Amended Complaint and the moving papers, the Court finds that the
12 Amended Complaint does not allege facts which raise the right to relief pursuant to 17 U.S.C. § 512(f)
13 beyond the speculative level. *Bell Atlantic*, 127 S. Ct. at 1965-70. Accordingly, Plaintiff's claim
14 pursuant to 17 U.S.C. § 512(f) is hereby dismissed without prejudice.

15 **III. Plaintiff's State Law Claim for Violation of the California Business & Professions Code**

16 Plaintiff's third claim for relief is a California state law claim for unfair business practices
17 pursuant to the California Business & Professions Code. *Am. Compl.*, ¶¶ 87-89.

18 Where a district court has dismissed "all claims over which it has original jurisdiction," the
19 court may decline to exercise supplemental jurisdiction over related state law claims. 28 U.S.C. §
20 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims
21 are dismissed before trial . . . the state claims should be dismissed as well."); *see also Acri v. Varian
22 Assocs.*, 114 F.3d 999, 1000 (9th Cir. 1997). Here, the Court has dismissed each of the claims over
23 which it had original jurisdiction. Accordingly, the Court hereby declines to exercise supplemental
24 jurisdiction over Plaintiff's remaining state law claim. *See* 28 U.S.C. § 1367(c).

25 Plaintiff's claim for violation of the California Business & Professions Code is dismissed
26 without prejudice.

27 /
28 /

**CONCLUSION**

Defendants' motion to dismiss (Doc. # 15) is GRANTED, and Plaintiff's Amended Complaint (Doc. # 17) is DISMISSED in its entirety, but without prejudice. Plaintiff's claim for declaratory relief is dismissed without prejudice as an anticipatory claim. If Plaintiff chooses to re-file the claim for declaratory relief, Plaintiff shall do so in the United States District Court for the Southern District of New York. Plaintiff's affirmative claim pursuant to 17 U.S.C. § 512(f) is dismissed without prejudice for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). Plaintiff's claim for violation of the California Business & Professions Code is dismissed without prejudice. The Clerk of the Court is ordered to close this case.

**IT IS SO ORDERED**.

DATED: April 18, 2008

**WILLIAM Q. HAYES**
United States District Judge